RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

PAUL T. BUTLER (MD Bar No. 9406230037)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

Of Counsel:
ELIZABETH A. STRANGE
First Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| EDMUND J. MASLOWSKI | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, the United States of America brings this action to collect from the defendant outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were assessed against Edmund J. Maslowski, for his failure to timely report his financial interest in, and/or his signatory or other authority over, foreign bank accounts for the 2006, 2007 and 2008 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, having a total balance due to the United States

Complaint
(Case No. )

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

of America of $61,816.43 as of February 1, 2018 plus all associated penalties and interest.  In support of this action, the United States alleges as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. At all times relevant to the matters at issue, Defendant Edmund J. Maslowski ("Maslowski") was a United States citizen and remains a United States citizen.

3. Maslowski is currently a resident of Scottsdale, Arizona.

4. Venue is proper under 28 U.S.C. § 1391.

5. The United States of America brings this action pursuant to the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States.

6. This civil action to collect the FBAR Penalty, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it is filed within two years of the date on which the 2006 FBAR Penalty, the 2007 FBAR Penalty, and the 2008 FBAR Penalty were assessed, February 29, 2016.

## Background Regarding Defendant's Interests in Foreign Accounts

7. Maslowski was born in the state of Illinois in 1952.

8. On or about September 1, 1994, Maslowski opened a "numbered account" with an account number ending in 0563 by signing account opening

Complaint  
(Case No. )

2

**U.S. DEPARTMENT OF JUSTICE**  
Tax Division, Western Region  
P.O. Box 683  
Washington, D.C.  20044  
Telephone: 202-514-1170

documents at the Hong Kong office of the Swiss Bank Corporation located in Zurich, Switzerland ("the UBS account").

9. Amongst the account opening documents signed by Maslowski on or about September 1, 1994, were: an account application including instructions to Swiss Bank Corporation to retain at the bank all correspondence related to the account number ending in 0563; a form identifying Maslowski as the beneficial owner of the account ending in 0563; a Charge/Declaration of Pledge form acknowledging that all disputes between Maslowski and the bank related to the account ending in 0563 would be governed by and decided under Swiss law; and, an agreement regarding Margins for Forward/Futures Transactions indicating that the venue for performance of such agreement, and any court proceedings under the agreement, would be Zurich, Switzerland.

10. During the years 1997-1998 Swiss Bank Corporation and Union Bank of Switzerland merged to become UBS in Zurich, Switzerland and the account ending in 0563 continued to be maintained and serviced with the same account number by the resulting UBS entity.

11. Following the merger that created the UBS entity, Maslowski continued to sign account documents governing the operation and management of the UBS account including, but not limited to: a Customer Declaration allowing UBS to disclose account information to its intermediaries in Hong Kong on April 26, 1999; a General Proxy for the Representation of Shares,

Opening of an Account/Custody Account form, and a Verification of Beneficial Owner's Identity form on May 4, 2000; and, a General Power of Attorney form granting unlimited signatory authority to his then-wife, Diane Maslowski, on September 5, 2000.

12. At some point in time prior to June of 2001, Maslowski opened an account at Standard Chartered Bank in Hong Kong bearing an account number ending in 6966 ("the Standard Chartered account").

13. During 2001 and 2002, Maslowski issued several orders to UBS to transfer funds from the UBS account to the Standard Chartered account.

14. At some point in time prior to September of 2002, Maslowski caused an account to be opened at HSBC in Hong Kong in the name of Sunny East Consultants Limited with an account number ending in 3734, over which Maslowski retained signatory authority and beneficial ownership ("the HSBC account").

15. Beginning in or before September of 2002 and continuing through February of 2008, Maslowski placed numerous orders with UBS to liquidate equity holdings in the UBS account, convert the contents of the UBS account from US dollars to Swiss francs, and gradually transferred the UBS account balance to the HSBC account, resulting in the closure of the UBS account on or about March 1, 2008.

16. At some point in time prior to December 31, 2003, Maslowski caused a second account to be opened at HSBC in Hong Kong in the name of Sunny

Complaint
(Case No. )

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-514-1170

East Consultants Limited with an account number ending in 9001, over which Maslowski retained signatory authority and beneficial ownership ("the Second HSBC account").

17. Prior to June of 2011, Maslowski never filed an FBAR form disclosing his ownership interests in, nor signatory (or other) authority over, the UBS account, the Standard Chartered Account, the HSBC account, or the Second HSBC account to the United States Treasury nor the Internal Revenue Service.

18. Throughout the calendar years 2006, 2007, and 2008 Maslowski was a United States citizen, resided within the United States, and/or was otherwise subject to the jurisdiction of the United States within the meaning of 31 C.F.R. § 103.24[1].

19. Throughout the calendar years 2006, 2007, and 2008 the UBS account, the Standard Chartered account, the HSBC account, and the Second HSBC account were bank accounts in foreign countries.

20. From the date of opening each account through and including the entirety of calendar years 2006, 2007, and 2008, Maslowski had signatory authority

---

[1] Please note that the Regulations implementing the FBAR statute, 31 USC § 5314, were renumbered effective March 28, 2011 with respect to all reports due for foreign financial accounts maintained in calendar year 2010 and later.  The updated regulations may be found at 31 CFR §§ 1010.300 et. seq.  Prior to renumbering, the regulations effective for the years at issue herein were found at 31 C.F.R. § 103.24, 31 C.F.R. § 103.27, and 31 C.F.R. § 103.32.

Complaint
(Case No. )

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

over, and ownership interests in the UBS account, the Standard Chartered account, the HSBC account, and the Second HSBC account.

21. From the date of opening each account through and including the entirety of calendar years 2006, 2007, and 2008, Maslowski was aware of his ownership interests and signatory authority over the UBS account, the Standard Chartered account, the HSBC account, and the Second HSBC account.

22. Prior to and throughout calendar years 2006, 2007, and 2008 Maslowski made all investment decisions with respect to the funds included in the UBS account, the Standard Chartered account, the HSBC account, and the Second HSBC account identified above.

**Claim for Relief: Judgment for Civil Penalties (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty for 2006*

23. The United States incorporates the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. During calendar year 2006, the aggregate maximum account balance in the UBS account and the HSBC accounts identified above, exceeded $1,300,000.00.

25. On all U.S. federal income tax returns filed by Maslowski through 2006, he failed to report any income from the UBS account and the HSBC account, above, and on Schedule B of such returns reported that he had no interest in, nor any authority over, any foreign financial accounts.

Complaint
(Case No. )

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

26. During calendar year 2006, Maslowski sent correspondence to UBS requesting the transfer of funds from the UBS account into the HSBC account and such orders were executed by UBS.

27. Maslowski failed to timely file an FBAR for the year 2006 disclosing his ownership interests and signature authority over the UBS account and the HSBC account, despite being required to do so by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

*Liability for the Civil Penalty for 2007*

28. The United States incorporates the allegations in paragraphs 1 through 27 as if fully set forth herein.

29. During calendar year 2007, the aggregate maximum account balance in the UBS account and the HSBC account identified above, exceeded $650,000.00.

30. On the U.S. federal income tax return filed by Maslowski for 2007, he failed to report any income from the UBS account and the HSBC account identified above, and on Schedule B of such return reported that he had no interest in, nor any authority over, any foreign financial accounts.

31. During calendar year 2007, Maslowski sent correspondence to UBS requesting the transfer of funds from the UBS account into the HSBC account identified above, and such orders were executed by UBS.

32. Maslowski failed to timely file an FBAR for the year 2007 disclosing his ownership interests and signature authority over the UBS account and the

HSBC account identified above, despite being required to do so by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

*Liability for the Civil Penalty for 2008*

33. The United States incorporates the allegations in paragraphs 1 through 32 as if fully set forth herein.

34. During calendar year 2008, the aggregate maximum account balance in the UBS account and the HSBC account identified above, exceeded $475,000.00.

35. On the U.S. federal income tax return filed by Maslowski for 2008, he failed to report any income from the UBS account and the HSBC account identified above, and on Schedule B of such return reported that he had no interest in, nor any authority over, any foreign financial accounts.

36. During calendar year 2008, Maslowski sent correspondence to UBS requesting the transfer of funds from the UBS account into the HSBC account identified above, and such orders were executed by UBS.

37. Maslowski failed to timely file an FBAR for the year 2008 disclosing his ownership interests and signature authority over the UBS account and the HSBC account identified above, despite being required to do so by 31 U.S.C. § 5314 and 31 C.F.R. § 103.27(c).

*Assessment and Collection of Civil Penalties for 2006, 2007, and 2008*

38. The United States incorporates the allegations in paragraphs 1 through 37 as if fully set forth herein.

39. On April 18, 2013, January 15, 2014, January 16, 2015, July 6, 2015, and November 17, 2015, Maslowski consented, in writing, to extensions of the time within which to assess penalties under 31 U.S.C. § 5321.

40. On February 29, 2016, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed a civil penalty against Maslowski, in the amount of $10,000.00 for each of the UBS account and the HSBC account for each of the years 2006, 2007, and 2008 due to the failure of Maslowski to timely and properly disclose both the UBS account and the HSBC account.

41. A delegate of the Secretary of the Treasury sent Maslowski notice of the assessment of the 2006, 2007, and 2008 FBAR Penalties and demand for payment.

*Additional Amounts Due and Owing to the United States*

42. The United States States incorporates the allegations in paragraphs 1 through 41 as if fully set forth herein.

43. The FBAR penalties described in paragraph 40 above were assessed pursuant to 31 U.S.C. § 5321(a)(5)(b)(i), which imposes a penalty not to exceed $10,000 for each violation of the FBAR filings requirements that is not due to a willful violation of 31 U.S.C. § 5321.

44. Maslowski has not fully paid the outstanding FBAR penalties described in paragraph 40.

Complaint
(Case No. )

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

45. Pursuant to 31 U.S.C. § 3717(a)(1), the United States is entitled to recover prejudgment interest accrued on Maslowski's unpaid penalties. In addition, pursuant to 31 U.S.C. § 3717(e)(2), the United States is entitled to recover a penalty for Maslowski's failure to pay a lawful debt owed to the United States. Furthermore, pursuant to 31 U.S.C. § 3717(e)(1), the United States is entitled to recover charges assessed against Maslowski to cover collection-related costs of processing and handling his outstanding FBAR liabilities.

46. As of February 1, 2018, the outstanding balance owed by Maslowski is $61,816.43. This amount includes assessed but unpaid FBAR penalties, as well as accruals pursuant to 31 U.S.C. § 3717 (i.e. prejudgment interest, failure to pay penalties, and collection-related costs).

47. In addition to the $61,816.43, the United States is entitled to recover the additional penalty, interest, and any collection-related costs that accrue on that amount.

WHEREFORE, the plaintiff United States of America demands that this Court:

(a) Enter judgment in favor of the plaintiff United States of America and against the defendant, for the FBAR penalties assessed against Edmund J. Maslowski with regard to the 2006, 2007, and 2008 reporting periods, in the total assessed amount of $61,816.43 as of February 1, 2018, as well as associated penalties and interest, plus statutory accruals until fully paid; and,

(b) Award the United States of America its costs, and such further relief as the Court deems just and proper.

Dated:   February 7, 2018

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/  Paul T. Butler
PAUL T. BUTLER (MD Bar. 9406230037)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-514-1170 (v)
202-307-0054 (f)
Paul.T.Butler@usdoj.gov

Of Counsel:
ELIZABETH A. STRANGE
First Assistant United States Attorney

Complaint
(Case No. )

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-514-1170

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff**(s): **United States of America**

County of Residence: Outside the State of Arizona

County Where Claim For Relief Arose: Maricopa

**Defendant**(s): **Edmund J. Maslowski**

County of Residence: Maricopa

Plaintiff's Atty(s):

**Paul Timothy Butler**
**U.S. Department of Justice, Tax Division**
**P.O. Box 683**
**Washington, DC  20044**
**202-514-1170**

Defendant's Atty(s):

II. Basis of Jurisdiction:        1. U.S. Government Plaintiff

III. Citizenship of Principal
Parties **(Diversity Cases Only)**
            Plaintiff:- **N/A**
            Defendant:- **N/A**

IV. Origin :              1. Original Proceeding

V. Nature of Suit:        690 Other

VI. Cause of Action:      31 USC § 5321(a)(5) Penalties for Failure to Report Foreign Accounts

VII. Requested in Complaint
            Class Action: **No**
            Dollar Demand: **61,816.43**
            Jury Demand: **No**

VIII. This case **is not related** to another case.

**Signature:**  **/s/ Paul T. Butler**

**Date:** <u>2/7/2018</u>

**If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.**

Revised: 01/2014